John C. Gaut,
Special Judge, delivered the opinion of the Court.
The prisoner, and one James Stephenson, were charged by indictment in the Circuit Court of Hickman County, with the murder of Joe Caruthers, a man of color, in June, 1868. The prisoner was tried by a jury of said county at the August Term, 1869, of said Court, and found guilty of murder in the first degree, with mitigating circumstances, upon which he was sentenced to confinement in the penitentiary of this State during his natural life. Erom said judgment he has appealed in error to this Court.
We have carefully examined the proof in the record, and we could not reverse upon the facts contained in this record; but feel constrained to reverse the judgment of the Court below, for manifest error in a portion of his charge to the jury, and because the Court below failed to state the whole law applicable to the case, defining the offense charged, and all its lower degrees contained in the indictment: Quarles vs. The State, 1 Sneed, 407; Nelson vs. The State, 2 Swan, 237; Phipps vs. the State, 3 Cold., 344.
The Court, in his charge, seems to have read to the jury sections 4597, 8 and 9 of the Code, which, so far, *94 was proper; but he stopped at that, and gave the jury no explanation of what is necessary to constitute the crime of murder in the first degree, nor of murder in the second degree, other than what is stated in said sections of the Code. Nor did he define to the jury what was murder in the second degree,, and what is manslaughter, and the distinction between murder and manslaughter. These explanations and charges the prisoner was entitled to under the laws of the land, and leave the jury to find and say, of what degree and crime the prisoner was guilty, if of any, embraced in the indictment, according to the authorities above referred to.
Upon the defense of an alibi insisted upon by the prisoner in the Court below, the Court ‘charged the jury, “that when the defense of an alibi is set up, the jury should look with the greatest degree of strictness, and bear in mind that the proof necessary to establish the alibi must be proven with as much certainty as the State would have to establish the guilt of the accused.” We think this part of the charge is not strictly correct. It, in effect, took away from the prisoner the benefit of any reasonable doubt that the jury might have of his guilt, arising from the proof touching the alibi, in connection with the other proof in the cause; and in effect, told the jury that the proof touching the alibi was worth nothing, unless it was established beyond a reasonable doubt in their minds. We think this was an error in the Court below, and it is not for us to know what influence this part of the charge had upon the jury in arriving at their verdict in the cause. The defense of an alibi, like any other *95 fact on the' trial of criminal prosecutions, is very conclusive, when clearly, certainly and fully established by the proof, and must be left to the jury, with the other proof in the cause. "We do not think the prisoner was bound to prove the alibi beyond a reasonable doubt-It-is true, as intimated in the charge of the Court below, that the court and jury should receive the proof of an alibi with great strictness and attention, to avoid being frequently misled by it, from the ease with which it is concocted when the design exists to practice a fraud upon the State, and even when that design does not exist, by ignorant mistakes as to the particular hour, or from lapse of time since the transaction referred to.
The Court further charges the jury, “that, if the witnesses by whom the prisoner attempted to establish an alibi showed him to be at different places at the same time, the proof was irreconcilable, and being of equal credibility, falls to the ground.” This was error. He should have left it to the jury to reconcile the swearing of the witnesses, if they could; if not, then the jury were the sole and exclusive judges of the credibility of the witnesses, and would believe, or disbelieve the witnesses, according to the truth of the transaction, as they might believe it to be, from all the facts and circumstances proven to. their satisfaction in the cause. But without pursuing the other objections to the charge of the Court, the judgment will be reversed, and the prisoner remanded to the Circuit Court of Hickman county, for a new trial.